IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By cking at 2:07 pm, Mar 08, 2011

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 Case |
| | ) | Number <u>10-21154</u> |
| WILLIAM JARELL JONES | ) | |
| | ) | |
| Debtor in Possession | ) | |
| | ) | |
| FARMERS AND MERCHANTS BANK | ) | |
| | ) | |
| Creditor/Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM JARELL JONES | ) | |
| | ) | |
| Debtor in Possession/ | ) | |
| Respondent | ) | |

### ORDER DENYING MOTION TO EXTEND TIME WITHIN WHICH TO FILE A COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF CERTAIN DEBT PURSUANT TO 11 U.S.C. § 523(c)

This matter comes before me on the motion by Farmers and Merchants Bank ("F&M") to extend the time within which to file a complaint objecting to the dischargeability of certain debt pursuant to 11 U.S.C. § 523(c). In seeking an extension, F&M was required to demonstrate cause for which an extension should be granted. Because F&M failed to demonstrate cause, the motion is ordered denied.

The grant of an extension of time to file a complaint as to dischargeability of certain debt, such as the one requested by

F&M, is controlled by Rule 4007 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.). That rule provides that a complaint to determine dischargeability pursuant to § 523(c) shall be filed not later than sixty days from the first date set for the meeting of creditors under § 341(a), but that "[o]n motion of any party in interest, after hearing on notice, the court my extend for cause the time fixed under this subdivision." F.R.B.P. 4007. The party seeking an extension must demonstrate cause for which the extension should be granted. Instock Programs LTD v. Simonelli (In re Simonelli), No. 97-10365, 1997 WL 334755755 (Bank. S.D. Ga. 1997)

Here, F&M obtained a prepetition judgment against Debtor in a civil action litigated in state court on August 3, 2010. Debtor filed a notice of appeal of that judgment on August 13, 2010. The judgment remained subject to the appeal at the time this motion was filed.

Debtor filed this chapter 11 case on September 2, 2010. Debtor served F&M with a Notice of Stay on Account of Bankruptcy on September 7, 2010. A representative of and counsel for F&M attended a § 341(a) meeting of creditors held and concluded on October 6, 2010. F&M did not seek to continue the § 341 meeting.

Since that time, F&M has sought neither to obtain documents from Debtor nor to take Debtor's testimony under F.R.B.P. 2004.

2

Debtor did not try to delay or subvert F&M's due diligence efforts.

The deadline for filing an objection to the dischargeability of a debt in this case was December 6, 2010. F&M filed its motion for an extension of that time period on the deadline.

"The time limits established under the Code contemplate a prompt resolution of a debtor's case. Unwarranted extensions of the time limits established under FRBP Rule 4007 frustrate this purpose and are not favored without a for cause showing by the movant." Simonelli, No. 97-10365, 1997 WL 334755755. The facts of the Simonelli case are almost identical to the facts here. See id. (denying extension where counsel for the moving party had attended the § 341 meeting of creditors, did not seek a continuation of that meeting, did not seek leave to conduct an examination of the debtor, and did nothing more until the deadline for filing a complaint approached.)

Aside from attending the meeting of creditors, F&M took no formal action to investigate Debtor. Moreover, neither party alleges that Debtor impeded F&M's due diligence in any way. Consequently, F&M failed to demonstrate cause for an extension as required by F.R.B.P. 4007. Absent this showing of cause for which the extension should be granted, the prompt resolution of Debtor's case mandates against the extension.

Therefore, F&M's motion to extend the time within which to file an objection to dischargeability of certain debt is **ORDERED DENIED**.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this  8  day of March, 2011.

AO 72A
(Rev. 8/82)